UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LOGAN R. MCDAVID, </br></br>　　　　Plaintiff, </br></br>v. </br></br>JOHN DOE 1, JOHN DOE 2, and </br>WASHINGTON COUNTY, TN, </br></br>　　　　Defendants. | No.:　2:25-CV-139-TAV-CRW |

### MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's complaint and amended complaint under 42 U.S.C. § 1983 [Docs. 2, 5] and motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion [Doc. 1] and **ORDERS** Plaintiff to file a consolidated amended complaint.

### I.　　PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 1] and supporting documents [Doc. 6] that Plaintiff lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] is **GRANTED**.

Because Plaintiff is an inmate in the Washington County Detention Center, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the

six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy.

## II.     PLAINTIFF'S COMPLAINTS

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). Plaintiff has filed both an initial complaint and an amended complaint [Docs. 2, 5]. Typically, "[a]n amended complaint supersedes an earlier complaint for all purposes." *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (citation omitted). Here, however, Plaintiff states in his amended complaint that "[a]ll allegations contained in the original complaint are retained herein" [Doc. 5, p. 1]. But this violates the Court's Local Rules.

Local Rule 15.1 requires a party seeking to amend a pleading to file a complete proposed amended pleading that does not incorporate any prior pleading and provides that

2

failure to do so is grounds to deny the motion. E.D. Tenn. L.R. 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion."). And even though Plaintiff is proceeding pro se, he is expected to know and follow both the Federal Rules of Civil Procedure and the Local Rules of this Court. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel[.]"); *Greer v. Home Realty Co. of Memphis Inc.*, No. 2:07-cv-2639, 2010 WL 6512339, at *2 (W.D. Tenn. July 12, 2010) ("Although district courts may liberally construe the federal and local rules for pro se litigants, even pro se litigants are obligated to follow these rules." (citing *Whitfield v. Snyder*, 263 F. App'x 519, 521 (7th Cir. 2008))).

Accordingly, the Court will permit Plaintiff 14 days from entry of this Order to file a single, comprehensive amended complaint that contains all his intended facts, claims, and Defendants. The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for this purpose. Plaintiff is **NOTIFIED** that if he fails to comply with this Order, the Court will only consider the allegations of Plaintiff's latest-filed complaint [Doc. 5] in conducting its required PLRA screening.

Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to the allegations already presented to the Court in his filings to date. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his consolidated amended complaint any additional claims that do not relate to these claims, and he is advised that any such claims will

3

be **DISMISSED**. Further, Plaintiff is **NOTIFIED** that this consolidated amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

Finally, Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the consolidated amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants of any address changes in writing by filing a Notice with the Clerk that contains Plaintiff's address change. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within 14 days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE