UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LOGAN R. MCDAVID, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No.: 2:25-CV-139-TAV-CRW |
| JOHN DOE 1, JOHN DOE 2, and WASHINGTON COUNTY, TN, | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff Logan R. McDavid is proceeding pro se and *in forma pauperis* in this prisoner's civil rights action under 42 U.S.C. § 1983 [*See* Doc. 7]. Plaintiff's second amended complaint is before the Court for screening in compliance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e) and 1915A [Doc. 8]. For the reasons set forth below, the Court will dismiss the John Doe Defendants and permit Plaintiff's First and Fourteenth Amendment claims to proceed against Washington County.

## I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C.

§§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

## II. ALLEGATIONS OF SECOND AMENDED COMPLAINT[1]

Plaintiff is a pretrial detainee[2] housed in the Washington County Detention Center ("WCDC") [Doc. 8, p. 2]. Plaintiff had his brother purchase the book "Mere Christianity"

---

[1] Plaintiff filed this "consol[i]dated and amended complaint" [Doc. 8 p. 1] pursuant to the Court's Order for him to file "a single, comprehensive amended complaint that contains all his intended facts, claims, and Defendants" [Doc. 7, p. 3].

[2] Although Plaintiff does not disclose his custodial status, the Court takes judicial notice that Plaintiff was arrested and booked into the Washington County custody on April 23, 2025, and is not listed as a prisoner in the active custody of the Tennessee Department of Correction. *See* Washington County Sheriff's Office, *Current Inmates*, https://washington-so-tn.zuercherportal.com/#/inmates (last visited Oct. 30, 2025); Tenn. Dep't of Corr., *Felony Offender Information*, https://foil.app.tn.gov/foil/search.jsp (last visited Oct. 30, 2025); *see also Oak Ridge Env't Peace All. v. Perry*, 412 F. Supp. 3d 786, 810 n.6 (E.D. Tenn. 2019) ("Information

2

by C.S. Lewis from Amazon and have it delivered from Amazon to the WCDC [Doc. 8, pp. 3–4]. Plaintiff's brother received a notification that the book was delivered to the WCDC on August 14, 2025 [*Id.* at 4]. But Plaintiff was denied receipt of the book due to the WCDC's Inmate Handbook policy that restricts inmates from sending or receiving any reading material other than newspapers [*Id.*]. Plaintiff did not receive notice of the rejection or an opportunity to appeal the decision before the book was rejected and "ultimately lost" [*Id.*].

Thereafter, Plaintiff filed grievances complaining that the WCDC's mail policy violates: (1) Plaintiff's First Amendment rights to receive books directly from a publisher/distributor; (2) Plaintiff's due process rights established by the Tennessee Corrections Institute ("TCI") requiring facilities to provide pre-rejection notice of correspondence; and (3) TCI regulations requiring a facility's censorship to be narrowly tailored to further a substantial governmental interest unrelated to the suppression of expression [*Id.*].

In response to Plaintiff's grievances, the WCDC policy was updated to permit inmates to order and receive books and magazines subject to "approval" [*Id.* at 5]. Plaintiff filed "follow-up grievances requesting that the policy be amended a second time to provide clarity [and] to provide definitions of what would qualify/disqualify books/magazines" [*Id.*]. Plaintiff also requested to be provided his previously ordered book [*Id.*]. The

---

taken from government websites is self-authenticating under Fed. R. Evid. 902, and courts may accordingly take judicial notice of the information found on these websites." (citations omitted)).

3

Case 2:25-cv-00139-TAV-CRW    Document 9    Filed 11/12/25    Page 3 of 6    PageID #: 46

response to that grievance indicated that the policy would be amended again and updated in the Inmate Handbook once the amendment was complete, but that Plaintiff's book could not be located [*Id.*]. However, "[t]he policy was not updated to provide the clarity requested or to specify what would qualify/disqualify the book/magazines" [*Id.*]. Further, Plaintiff's book was not replaced, and he was not compensated for its loss [*Id.*].

Aggrieved, Plaintiff filed this action against Washington County, Tennessee; John Doe 1, the person who implemented the WCDC mail policy; and John Doe 2, the WCDC officer that denied Plaintiff receipt of his purchased book, seeking monetary, declaratory, and injunctive relief [*Id.* at 3, 6].

### III. ANALYSIS

The Court finds Plaintiff's allegations that Defendants (1) rejected Plaintiff's receipt of a book ordered directly from a distributor, without pre-deprivation notice, pursuant to an established policy of the WCDC and (2) implemented a vague, overbroad inmate mail policy in response to Plaintiff's complaints, state colorable First and Fourteenth Amendment claims against Washington County, Tennessee. *See, e.g., Goss v. Lopez*, 419 U.S. 565, 579 (1975) (finding due process requires government to afford notice and a hearing before depriving a person of a protected property interest); *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 638 (7th Cir. 2005) ("Freedom of speech is not merely freedom to speak; it is also freedom to read."). The Court will permit these claims to proceed.

However, Plaintiff cannot proceed against the John Doe Defendants, because the filing of a complaint does not commence a civil action against an unidentified party. *See Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov.

4

4, 2009) ("A civil action cannot be commenced against a fictitious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against an unknown defendant "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Accordingly, the Court cannot address Plaintiff's allegations against the John Doe Defendants, and Plaintiff must amend his complaint to identify the alleged wrongdoers by name if he intends to include them as Defendants in this action.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff has set forth plausible First and Fourteenth Amendment claims against Defendant Washington County, Tennessee, and these claims will **PROCEED**;

2. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Washington County, Tennessee;

3. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this Order;

4. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

5. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed;

6. Defendant shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the complaint, it may result in entry of judgment by default;

7. All other claims and Defendants are hereby **DISMISSED**; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendant or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE